IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.,

    Plaintiff

vs.

RON MCNESBY, in his official capacity
as Sheriff for Escambia County, Florida; and
DENNIS M. WILLIAMS, in his official capacity
as Director of the Escambia County Detention
Facility,

    Defendants.
_____/

CASE NO. 4:03cv180SPm/AK

COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF



## PRELIMINARY STATEMENT

1. This is an action for a declaration of rights, injunctive relief, attorney's fees and costs.

2. The Plaintiff, ADVOCACY CENTER FOR PERSONS WITH DISABILITIES, INC. ("Advocacy Center") has been denied access to the Escambia County Detention Facility to investigate allegations of abuse and neglect regarding the treatment of inmates with mental illnesses in that facility.

1

3. Defendant, RON MCNESBY, Escambia County Sheriff, and Defendant, DENNIS M. WILLIAMS, Director of the Escambia County Detention Facility, are being sued in their official capacities.

4. At all times material, Defendants' conduct while acting under color of law has violated the Plaintiff's rights as secured by 42 U.S.C. § 10801 *et seq.*, and 42 U.S.C. § 1983.

5. All conditions precedent to the bringing of this action have occurred or have been performed.

## JURISDICTION

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

7. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to declare the rights and other legal relations of the parties to this action.

8. This action arises under 42 U.S.C. §10801 *et seq.* and 42 U.S.C. § 1983.

## VENUE

9. Venue is proper in this Court under 28 U.SC. § 1391(b) because all events giving rise to this action occurred in this District.

## PARTIES

10. The Plaintiff is authorized to " investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." 42 U.S.C. § 10805(a)(1)(A)

11. The Defendant, RON MCNESBY, Sheriff of Escambia County, is a constitutional officer pursuant to Article 8, Section 1(d) of the Florida Constitution. He is also designated as the chief correctional officer in Escambia County pursuant to section 951.061, Fla. Stat., and, as such, must act in full compliance with the Constitution and the laws of the United States.

12. The Defendant, DENNIS M. WILLIAMS, is employed by Defendant Sheriff, as the Director of the Escambia County Detention facility and must act in full compliance with the Constitution and the laws of the United States.

13. The Defendants have denied the Plaintiff its right to investigate allegations of abuse and neglect which the Advocacy Center had determined there is probable cause to believe has occurred to inmates with mental illness in the Escambia County Detention Facility in violation to 42 U.SC. 10801 *et seq.*

## FACTUAL ALLEGATIONS

14. In March of 2003, the Plaintiff received a number of complaints regarding treatment of inmates with mental illness at the Escambia County Detention Facility. Based upon those complaints, the Plaintiff determined that there was probable cause to believe that incidents of abuse and neglect were occurring.

14. On April 7, 2003, a representative of the Plaintiff wrote the Chief Medical Officer of the Escambia County Detention Facility advising him of the Advocacy Center's concerns regarding the lack of mental health and HIV medications that were being prescribed and requested a copy of the formulary that was being used, a list of

3

herbs used or substituted for other medications, and the name of the agency that provides medical and mental health treatment at the facility.

16. By letter dated April 17, 2003, Defendant Williams responded to the Plaintiff's request for information and requested the names of those inmates the Plaintiff wished to interview.

17. By letter dated May 9, 2003, Defendant Williams was advised that the Plaintff expected reasonable access to detainees, employees, contractees, records and policies.

18. The Advocacy Center was advised by letter dated May 12, 2003 to provide the name(s) of inmates who the Advocacy Center desired to interview. (A copy of the letter is attached as Plaintiff's Exhibit A.)

19. Defendant Williams was advised that the release of the names of the Plaintiff's clients residing in the Esacambia County Detention Facility will violate the confidentiality provisions of 42 C.F.R. § 51.45. (A copy of the letter dated May 13, 2003 is attached as Plaintiff's Exhibit B.)

20. On May 13, 2003, the Advocacy Center was advised by letter that its staff would be prohibited from accessing jail records of a medical nature or allow interviews with inmates with mental illness without first divulging the names of those whom the Advocacy Center wished to speak. (A copy of the letter is attached as Plaintiff's Exhibit C.)

21. As the designated state protection and advocacy system, the Plaintiff has a protected right under the PAIMI Act to communicate and consult with inmates with

mental illness who are currently incarcerated at the Escambia County Detention Facility. Robbins v. Budke, 739 F. Supp. 1479, 1485 (D.N.M. 1990). By refusing to grant the Plaintiff access, the Defendants have prevented the Plaintiff from effectively investigating incidents of abuse and neglect to inmates with mental illness.

22.  The Plaintiff has no adequate remedy at law and continues to suffer irreparable harm as a result of the Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests this court to take jurisdiction of this cause and to issue the following relief:

   a.  Declare that the Defendants' action has violated the Plaintiff's rights under 42 U.S.C. § 10801 *et seq.* and 42 C.F.R.§ 51.45.

   b.  Enjoin the Defendants from denying the Plaintiff and its agents reasonable access to the Escambia County Detention Facility.

   c.  Award costs and attorney fees pursuant to 42 U.S.C. § 1988 to the Plaintiff, Advocacy Center.

   d.  Grant other relief as the Court deems to be just and proper.

Dated this 11th June, 2003.

ATTORNEYS FOR PLAINTIFF

/s/ Gordon B. Scott
GORDON B. SCOTT
Fla. Bar No. 112860
Trial Counsel

HUBERT A. GRISSOM
Fla. Bar No. 0166758
Trial Counsel

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.
2671 Executive Center Circle, West
Suite 100
Tallahassee, FL 32301
(850) 488-9071
(850) 488-8640  fax

 

May 12, 2003

Mr. Gordon B. Scott
Senior Attorney
Advocacy Center for Persons
  With Disabilities, Inc.
2671 Executive Center Circle West
Suite 100
Tallahassee, Florida 32301-5092

RE: Your letter of May 9, 2003 received by fax

Dear Mr. Scott:

As I have previously stated in my letter dated April 23, 2003, I am happy to accommodate the needs of your clients provided I am notified of the names of the parties to be interviewed. Such names can be provided at the time your clients arrive here at the facility. Records relating to them may also be made available (pursuant to relevant law or consent from the inmate).

If it is the intent of your client to conduct random interviews and make non specific review of records of a medical nature, such an accommodation cannot be made. That request is time, space and manpower intensive, particularly in light of the apparent unwillingness on the part of your client to allow us to assist you in our duty under law.

If my request for specific names of parties to be interviewed cannot be granted, please cite by specific reference, the legal authority (beyond casual reference to the Act) upon which you rely to make such an open and unreasonable request.

Sincerely,

Dennis M. Williams
Director

DR2003-05004.let

**PLAINTIFF'S EXHIBIT A**

ESCAMBIA COUNTY SHERIFF'S OFFICE
1700 WEST LEONARD STREET
www.escambiaso.com



# Advocacy Center for Persons With Disabilities, Inc.
*Florida's Protection and Advocacy Programs*

Delivered by Facsimile to (850)436-9167

May 13, 2003

Dennis M. Williams
Director
Escambia County Jail
P.O. Box 17800
Pensacola, FL 32522

Dear Mr. Williams:

   Thank you for your letter dated May 12, 2003 wherein you again requested the names of those County detainees whom our advocates wish to interview.

   I am happy to learn that you will accommodate the needs of our clients. However, the release of their names violates the confidentiality provisions of 42 C.F.R. § 51.45 and, therefore, will not be forthcoming without their express consent. Our staff will attempt to obtain consent during the interview.

   As you have been previously advised, the Center has determined that probable cause exists to believe that abuse and neglect of detainees with mental illnesses in the Escambia County Jail is ongoing. Those allegations require our staff to access the facility in furtherance of our federal mandate to investigate.

   If it is your intent to deny the Center reasonable access to the jail, its employees, non-confidential records, and mentally ill detainees, please immediately advise and the Center will act accordingly.

Sincerely yours,

*/s/ Gordon B. Scott*

Gordon B. Scott
Senior Attorney

**PLAINTIFF'S EXHIBIT B**

☑ 2671 Executive Center Circle West,
Suite 100
Tallahassee, FL 32301-5092
tel. 850.488.9071
fax 850.488.8640
toll free 800.342.0823
toll free TDD only 800.346.4127

☐ 2901 Stirling Road
Suite 206
Ft. Lauderdale, FL 33312
tel. 954.967.1493
fax 954.967.1496
toll free 800.350.4566
toll free TDD only 866.478.0640

☐ The Times Building
Suite 513  1000 N. Ashley Drive
Tampa, FL 33602
tel. 813.233.2920
fax 813.233.2917
toll free 866.875.1794
toll free TDD only 866.875.1837

*www.advocacycenter.org*




May 13, 2003

Mr. Gordon B. Scott
Senior Attorney
Advocacy Center for Persons
   With Disabilities, Inc.
2671 Executive Center Circle West
Suite 100
Tallahassee, Florida 32301-5092

RE: Your letter of May 13, 2003 received by fax

Dear Mr. Scott:

Your letter does little to help me accommodate your needs. Unless I have a name of an inmate or staff member whom your client's wish to interview, I can neither make such interview happen nor assure their presence.

Under no circumstances can I allow your clients open or uncontrolled access to the Jail, its staff or the inmates. To do so would breach policy, good protocol and all security precautions or procedures.

Notwithstanding your client's assertions to the contrary, I cannot imagine any circumstance wherein unregulated access and random interviews would be authorized in any penal institute without notice, cause and purpose of a more defining nature than you have provided thus far.

Unless this matter can be resolved to my satisfaction, please consider this notice that access of uncontrolled nature to conduct non specific interviews of unnamed persons and/or open review of confidential mental or health files is hereby denied.

**PLAINTIFF'S EXHIBIT C**

ESCAMBIA COUNTY SHERIFF'S OFFICE
1700 WEST LEONARD STREET
www.escambiaso.com

Mr. Gordon Scott
May 13, 2003
Page 2

If you determine that you or your client are unwilling or unable to help me meet your needs, then all further correspondence and communication should be directed to:

    Mr. John Jolly, Esquire
    Jolly, Peterson and Waters
    2145 Delta Boulevard
    Suite 200
    Tallahassee, Florida 32303
    (850) 422-0282

I trust that won't be necessary, but you leave me no other alternative.

Sincerely,

Dennis M. Williams
Director

DMW/sg

c: Sheriff McNesby
   Chief Deputy Larry Smith
   Rusty Wells
   John Jolly

DR2003-05005.let