IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.,

    Plaintiff,

vs.                                           CASE NO.: 4:03-cv-180-SPM

RON MCNESBY, in his official capacity
as Sheriff for Escambia County, Florida;
and DENNIS M. WILLIAMS, in his
official capacity as Director of the
Escambia County Detention Facility,

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS**
**AND**
**GRANTING ALTERNATIVE MOTION TO TRANSFER VENUE**

THIS CAUSE comes before the Court upon the Motion to Dismiss of Defendants McNesby and Williams and incorporated Memorandum of Law (Doc. 5). Plaintiff filed a Response (Doc. 9). Defendants seek to dismiss this action or, in the alternative, transfer the case from the Tallahassee Division of the Northern District of Florida to the Pensacola Division of the Northern District of Florida. The Pensacola Division encompasses Escambia County. N.D. Fla. Loc. R. 3.2(A)(1) (2003).

The Local Rules for the Northern District of Florida require civil cases to be filed within the division where venue properly lies. N.D. Fla. Loc. R. 3.2(A) (2003). Determining divisional venue involves consideration of the same circumstances that are considered when determining venue generally, including the defendant's residence, location of events giving rise to the claim, and costs incurred by the parties. See Says v. M/V David C Devall, 161 F.Supp.2d 752 (S.D. Tx. 2001); Bishop v. C&P Trucking Co., Inc., 840 F.Supp. 118 (N.D. Ala. 1993); United States v. Fesman, 781 F.Supp. 511 (S.D. Ohio 1991).

Defendants argue that maintaining venue in the Tallahassee Division is not appropriate because Defendants reside in Escambia County, the events giving rise to the complaint allegedly occurred in Escambia County, and attending a hearing in the Tallahassee Division would require Defendants to travel 190 miles. Plaintiff's Response states that Plaintiff does not oppose a transfer, but rather seeks to avoid additional expenses which may be incurred should this case be dismissed.

A case should be transferred, rather than dismissed, if the interests of justice are served. Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962). The location of the activity giving rise to the suit must be considered when considering the interests of justice, as well as efficiency of case management, time saved, and money spent by the parties. Structural Panels, Inc. v. Texas Aluminum Industries, Inc., 814 F.Supp. 1058 (M.D. Fla. 1993).

The interests of justice are served by transfer to the Pensacola Division of the Northern District of Florida because Defendants reside in Escambia County, the events allegedly giving rise to the complaint occurred in Escambia County, and the expenditure of time and money may be conserved. Additionally, in the interests of justice a district court shall transfer a case to a division where the case should have been brought. 28 U.S.C. § 1406(a). Accordingly, it is

ORDERED AND ADJUDGED:

1. Defendants' Motion to Dismiss (Doc. 5) is denied.

2. Defendants' alternative motion to transfer this action is granted.

3. The clerk is hereby directed to transfer this case to the Pensacola Division of the Northern District of Florida.

DONE AND ORDERED this _____ day of September, 2003.

Stephan P. Mickle
United States District Judge

Case No. 4:03-cv-180-SPM

CERTIFIED A TRUE COPY
WILLIAM M. McCOOL, Clerk
By: _____
Deputy Clerk